IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-cr-00100-HZ |
| Plaintiff, | |
| v. | |
| JORGE FELIX-RODRIGUEZ, | OPINION & ORDER |
| Defendant. | |

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Geoffrey A. Barrow
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

       Attorneys for the United States of America

Jorge Felix-Rodriguez, No. 04657-085
Terminal Island, Federal Correctional Institution
P.O. Box 3007
San Pedro, California 90733

       Defendant Pro Se

1 - OPINION & ORDER

HERNANDEZ, District Judge:

On March 30, 2015, Defendant Jorge Felix-Rodriguez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances. On October 8, 2015, he was sentenced to 135 months in custody. Presently, he moves to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He also seeks appointment of counsel to assist him with the § 2255 motion. I deny the § 2255 motion because Defendant waived his right to collaterally attack his sentence and alternatively, his arguments in support of the motion are without merit. Accordingly, I also deny the motion for appointment of counsel.

I. Waiver

In his Plea Agreement, Defendant expressly waived his right to collaterally attack his conviction and sentence. See Plea Agmt. ¶ 13 (providing that "Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)"), ECF 423. Defendant also acknowledged that he had carefully reviewed every part of [the Plea Agreement] with [his] attorney" and that he understood it and voluntarily agreed to its terms. Id. at 6.

The Plea Petition, which Defendant signed on March 30, 2015, states that Defendant's guilty plea is based on the Plea Agreement which Defendant read and understood. Plea Pet. ¶ 20, ECF 424. At the March 30, 2015 plea hearing, Defendant was sworn, examined, and advised of his rights. ECF 420 (Minute Order Summarizing Plea Hearing). I found Defendant capable and competent to enter a plea. Id. I further found the guilty plea to be knowing and voluntary. Id.

A plea agreement may waive a defendant's right to bring a § 2255 motion if it does so

expressly.  See Lemke v. Ryan, 719 F.3d 1093, 1096 (9th Cir. 2013); United States v. Abarca, 985 F.3d 1012, 1014 (9th Cir. 1993).  Defendant's § 2255 motion is a collateral attack upon his sentence.  He expressly waived his right to make such a motion in his Plea Agreement.  Although an express waiver of the right to collateral attack may be unenforceable where a litigant claims that his counsel was ineffective in advising him about the nature of the waiver, Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005), the present motion makes no such argument as to counsel's performance in this particular regard.  Thus, the waiver is effective and prevents Defendant from bringing this motion.

II.  Merits

Even if Defendant had not waived his right to collaterally attack his sentence, the § 2255 motion is denied on the merits.  Defendant raises three grounds in support of his motion.  In the first, he contends that his 135-month sentence runs afoul of Alleyne v. United States, 133 S. Ct. 2151 (2013).  In that case, the Court held that a fact which increases the penalty for a crime is an "element" of the crime that must be submitted to the jury and found beyond a reasonable doubt. Id. at 2155.  Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.  Id.

Defendant argues that his past crimes and leadership role were used to "put his Mandatory Minimum sentence up to ten years unjustly." Def.'s § 2255 Mot. at 12 (Page 1 of Ground One), ECF 872.  The drug-distribution conspiracy charge to which Defendant pleaded guilty, 21 U.S.C. § 841(a)(1), carries a ten-year mandatory minimum sentence if the crime involved 1 kilogram or more of heroin, 5 kilograms or more of cocaine, or 50 grams or more of methamphetamine. 21 U.S.C. § 841(b)(1)(A).  Defendant expressly admitted that he conspired

to distribute and possess with intent to distribute the statutorily-required quantities triggering the mandatory minimum sentence of 120 months. Plea Agmt ¶ 5 (reciting, among other things, (1) the elements of the charged offense, including that Defendant and others knowingly conspired to distribute and possess with intent to distribute more than 1 kilogram of heroin, 5 kilograms of cocaine, and 500 grams of methamphetamine; (2) that Defendant admitted the elements of the charged offense; and (3) acknowledging that if the case went to trial, the Government would prove several facts beyond a reasonable doubt, including that the conspiracy began in July 2013 and continued through Defendant's arrest in March 2014 and that Defendant was associated with several drug transactions, including one involving five pounds of methamphetamine).

Given that Defendant admitted the quantity-based facts requiring the imposition of the mandatory-minimum sentence as part of his Plea Agreement, there are no fact issues implicating Alleyne. See United States v. Jefferson, 791 F.3d 1013, 1017 & n.3 (9th Cir. 2015) (rejecting the defendant's argument that under Alleyne and Apprendi v. New Jersey, 530 U.S. 466 (2000), the government must prove that the defendant knew the specific type and quantity of the drugs he imported in order to trigger the ten-year mandatory minimum; explaining that when Alleyne is implicated, the facts subject to Alleyne must be proved to a jury beyond a reasonable doubt or "admitted by the defendant"; further explaining that a "defendant who enters a guilty plea waives his right to a trial by jury, and therefore also waives Alleyne and Apprendi's protections of that right.") (citation omitted), cert. denied, 136 S. Ct. 1473 (2016).

To the extent Defendant suggests as part of his "Ground One" argument that Alleyne applies to the fifteen additional months added to the mandatory minimum, I reject that argument. Facts related to those fifteen months were unrelated to the mandatory minimum.

4 - OPINION & ORDER

In Ground Two, Defendant argues that his 135-month sentence is unjust because crimes more than fifteen years old were used to increase his sentence above the 120-month mandatory minimum. As calculated by the United States Probation Department and as presented in the Presentence Report (PSR), Defendant had six criminal history points, placing him in Criminal History Category III. PSR ¶ 45, ECF 590. Three of the six criminal history points were attributed to a 1997 Nebraska conviction for conspiracy to deliver a controlled substance. Id. ¶ 40.

At sentencing, Defendant argued that because he was first intercepted in this case on October 16, 2013, his 1997 conviction is four days beyond the applicable fifteen-year period set forth in U.S.S.G. § 4A1.2(e) and should be excluded from his criminal history point computation. He did not challenge the fact of his 1997 conviction, just that it was too remote to be counted.

The Indictment alleged that the conspiracy began on or before July 2013. ECF 1. Defendant admitted the elements of the charged offense in his Plea Agreement. He also acknowledged that the Government would prove at trial, beyond a reasonable doubt, that the conspiracy began in July 2013. While the record showed that a conversation involving Defendant was first intercepted on October 16, 2013, the conspiracy and its drug-distribution activities preceded that date by at least several months. Given Defendant's admitted leadership role in the conspiracy, I rejected Defendant's argument that the 1997 conviction was outside the § 4A1.2(e) fifteen-year window. I accepted the criminal history score as calculated in the PSR. See Statement of Reasons ¶ IA (adopting the PSR without change); ¶ III (noting advisory guideline range of 168 to 210 months based on Offense Level of 33 and Criminal History

Category III), ECF 628. A preponderance of evidence supported my factual finding that Defendant's 1997 conviction occurred within fifteen years of Defendant's commencement of the instant offense. United States v. Felix, 561 F.3d 1036, 1045 (9th Cir. 2009) ("The preponderance of evidence standard is generally the appropriate standard for factual findings used for sentencing.").[1]

Finally, in Ground Three, Defendant contends that counsel breached the Plea Agreement by "allowing" the "Court and the Government to add another fifteen months enhancement without filing a timely appeal[.]" Def.'s Mot. 16 (Page 1 of Ground Three). Because Defendant's argument is not entirely clear, I construe his contention as alleging a Plea Agreement breach by both his counsel and the Government's counsel.

As noted above, I found the advisory guideline range to be 168-210 months. Nonetheless, I sentenced Defendant to 135 months, below the advisory range, based on the Plea Agreement, which I found to be reasonable, as well as several 18 U.S.C. § 3553(a) factors and recognition of the early resolution of the matter. Statement of Reasons ¶ VI. Defendant's argument suggests that any sentence above the mandatory minimum of 120 months constitutes a breach of the Plea Agreement and further, that his counsel's failure to appeal that sentence was also a breach of the Plea Agreement.

In the Plea Agreement, the Government agreed to recommend a sentence at the low end of the applicable guideline range. Plea Agmt. ¶ 9. The Government did so. Gov't Sent. Mem. ¶

---

[1] It also bears noting that without the three points for the 1997 conviction, Defendant would still have had three criminal history points, placing him in Criminal History Category II, which, with an Offense Level of 33, would produce an advisory guideline range of 151-188 months. His 135-month sentence is still below the bottom of that range.

I, ECF 592. The Plea Agreement also contained a commitment by the Government to recommend an additional two-level decrease in the offense level to recognize Defendant's early resolution, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a). Plea Agmt. ¶ 12. The Government adhered to its promise and recommended a two-level downward variance based on Defendant's resolution of what was designated a complex case before filing or litigating any pretrial motions. Gov't Sent. Mem. ¶ IID1.

The Plea Agreement made clear that the Court was not bound by the recommendations of the parties or of PSR writer. Plea Agmt. ¶ 14 (further explaining that because the Plea Agreement was made under Federal Rule of Criminal Procedure 11(c)(l)(B), Defendant could not withdraw any guilty plea or rescind the agreement if the Court did not follow the agreements or recommendations of the parties). Similar language is contained in the Plea Petition as well. Plea Pet. ¶ 9.

The imposition of a 135-month sentence did not breach any part of the Plea Agreement. The Government adhered to the promises it made in the Agreement. Defendant's counsel objected to the inclusion of the 1997 conviction. Defendant's counsel also filed a Sentencing Memorandum setting forth several arguments in support of a 120-month sentence. The record does not support Defendant's argument that his own counsel "allowed" the Court to impose a sentence fifteen months longer than Defendant expected. Finally, there was no breach of the Plea Agreement by the failure of Defendant's counsel to file an appeal regarding the sentence. The Plea Agreement expressly waived Defendant's right to file an appeal, Plea Agmt. ¶ 13, and thus,

not filing an appeal was consistent with the terms of the Plea Agreement.[2]

III.  Arguments Raised in Reply

Defendant raises new arguments in his Reply, but none have merit.  Defendant states that he alleges a deprivation of his constitutional right to a "properly figured guideline sentence after he pled guilty." Def.'s Reply 1, ECF 884.  The only constitutional argument he raises, however, is an ineffective assistance of counsel argument.  He states in conclusory fashion that his counsel was ineffective by leading him to believe that 135 months was the low end of the guidelines when 120 months was the correct low end.

Defendant's arguments are limited to sentencing issues.  He does not assert any error or ineffective assistance at the plea stage.  In the Plea Agreement, Defendant agreed that his Base Offense Level was 32.  Plea Agmt. ¶ 7.  He also agreed that a four-level upward adjustment was required for his aggravating role in the offense.  Id.  As a result of those agreements, Defendant's Offense Level was initially 36 with an advisory guideline range of 235 to 293 months, using a Criminal History Category III.  Based on the Plea Agreement alone, the low-end of the guideline range was well above 120 months.  Defendant's Offense Level of 36 was reduced by three levels to 33 for acceptance of responsibility.  This produced an advisory guideline range of 168-210 months.  Again, even with this reduction, the low end of the guideline range remained above 120 months.  Finally, after determining the applicable advisory guideline range, I awarded Defendant a two-level downward adjustment based on the early resolution of the case.  This still produced a

---

[2] Defendant does not expressly raise an ineffective assistance of counsel argument regarding the lack of an appeal.  To the extent he implicitly contends that the failure to appeal constituted constitutionally ineffective assistance of counsel, I reject the argument given the terms of the Plea Agreement and the lack of any argument or evidence that the Plea Agreement and its waiver provision were involuntary or the product of ineffective counsel.

range of 135-168 months. None of these possible ranges had 120 months at the low end.[3]

While Defendant suggests that his attorney misled him about the low end of the advisory guideline range, he fails to show how the 120-month low end was to be calculated. If his attorney advised him that he was to likely to receive a 120-month sentence because that was the low-end of some unspecified guideline range, it is unclear what that advise was based on. With an offense level of 31, no criminal history category has 120 months as the low end. Defendant's Sentencing Memorandum argument for a 120-month sentence was not a "low end" argument but was based instead on the factors in 18 U.S.C. § 3553(a). There, Defendant argued that the statutory mandatory minimum of 120 months was appropriate because it reflected Defendant's position in the conspiracy and accounted for his age and eventual deportation. That argument and my rejection of it were unrelated to the low-end of a guideline range.

As noted above, the Plea Agreement expressly recited that the Court was not bound by the parties' sentencing recommendations or the recommendation of the Presentence Report writer. Plea Agmt. ¶ 14; see also Plea Pet. ¶ 9 (same). Because none of the possible guideline ranges had 120 months as a low end, because defense counsel challenged the inclusion of the 1997 conviction in the criminal history calculation, and because defense counsel made a strong argument for a 120-month sentence based on § 3553(a), Defendant's conclusory argument that counsel somehow misled him about the low-end of the applicable guideline range is without merit.

Next, Defendant suggests that regardless of his Alleyne argument, he is entitled to relief

---

[3] Even assuming a Criminal History Category II, none of the ranges for Offense Level 31, 33, or 36 has 120 months as the low end.

9 - OPINION & ORDER

under 18 U.S.C. § 3582(c)(2). That statutory provision allows modification of a sentence if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" 18 U.S.C. § 3582(c)(2). This argument fails as Defendant makes no suggestion that the Sentencing Commission has lowered his sentencing range.

Finally, Defendant mentions a two-point departure without elaboration. Def.'s Reply 2 (noting that none of his documents show any mention of a two-point downward departure). He suggests that with "those two points under 18 U.S.C. § 3582(c)(1)," his "points" would be down to 29 with a range of 108-135 months. Id. His 135-month sentence is at the high end of that range, not the expected low end.

Defendant is correct that with an Offense Level of 29 and a Criminal History Category III, the guideline range is 108-135 months. But, his argument fails to support relief because he does not identify what "two point" departure he believes he was entitled to receive. As previously explained, his Offense Level with adjustments for his role in the offense and acceptance of responsibility, was 33. Then, under the appropriate factors in 18 U.S.C. § 3553(a), I made a two-level downward adjustment. To the extent this is the two-point departure Defendant refers to, he received it. His citation to § 3582(c)(1) is unavailing as none of those statutory provisions apply. Finally, to the extent he refers to some other unspecified departure, he fails to establish a basis for such a claim.

/ / /

/ / /

/ / /

CONCLUSION

Defendant's motion to vacate or correct sentence under 28 U.S.C. 2255 [872] is denied. Defendant's motion for appointment of counsel [846] is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 23 day of January, 2017

Marco A. Hernandez
United States District Judge